IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| RUSTY ALLEN JESSEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 04-0871-CV-W-ODS |
| ) | |
| JO ANNE B. BARNHART, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## ORDER AND OPINION REVERSING FINAL DECISION DENYING BENEFITS AND REMAND FOR FURTHER PROCEEDINGS

Pending is Plaintiff's appeal from the Commissioner's final decision denying his claims for disability insurance benefits and supplemental security income. For the following reasons, the Commissioner's decision is reversed, and the case is remanded for reconsideration. On remand, the Commissioner shall address the following issues:

The ALJ found Plaintiff could perform light work, based on the testimony of the medical expert. This testimony was based on the ALJ's hypothetical question that assumed Plaintiff could lift twenty pounds occasionally and ten pounds regularly. These are the weight limitations associated with light work, see 20 C.F.R. § 416.967(b), but the ultimate conclusion was not reconciled with other testimony offered by the medical expert credited by the ALJ.

Light work also contemplates "a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls." Id. The ALJ found Plaintiff could sit for up to six hours a day and stand for up to six hours a day so long as he had the option to alternate positions; however, the record does not support this finding. In 1993, Plaintiff was diagnosed as suffering from hepatitis C. The condition has been treated successfully. However, Plaintiff continues to suffer from pain in his extremities (particularly his hands and feet), which the medical expert testified

could be a result of nerve damage caused by the hepatitis C. R. at 778-79. Plaintiff uses a cane to walk; while none of his treating doctors told him to do so, the medical expert conceded that its use was "appropriate" given the pain in his extremities. R. at 783-84. A 1997 auto accident left Plaintiff "with impaired use of the left shoulder and the neck." R. at 784; see also R. at 783. The medical expert's testimony cannot be reconciled with the conclusion that Plaintiff can stand or walk for six hours a day.

In addition, the medical expert noted Plaintiff underwent a sleep study in 2001 that revealed his oxygen saturation level was below 70%. He further testified that anything below 90% is considered "quite significant," so Plaintiff's test results showed a severe problem. R. at 771. In July 2002 Plaintiff underwent a tracheostomy and had a tube inserted into his throat. In follow-up visits Plaintiff reported "recurrent plugging of mucous in the tracheostomy, and [Plaintiff's doctor] also suspected that there's some granulation tissue that was forming in the trachea itself." R. at 772. Plaintiff reported feeling better following the surgery, but the recurrent plugging of the tube casts some doubt on the ALJ's conclusion Plaintiff can perform light work. This concern is heightened when one considers the number of times Plaintiff has had to go to the emergency room because he was unable to breath.

Finally, the Court believes the ALJ improperly discounted the testimony from Plaintiff's witness. Mary Hartter is a home health aide and she had worked for Plaintiff for eight months, five days a week. She was paid with state funds, so she did not depend on Plaintiff for her wages and would not benefit from a decision in Plaintiff's favor. Ms. Hartter testified Plaintiff is "very unsteady on his feet. He loses his balance real easily." R. at 789. She also testified Plaintiff has difficulty changing between sitting and standing positions, R. at 789-90, and that she had taken Plaintiff to the emergency room on at least three occasions because he had difficulty breathing.

Ms. Hartter appears to be a neutral witness. The ALJ discounted her testimony based on doctors' reports dated shortly before and shortly after she began working for Plaintiff. Aside from this temporal issue, and the greater opportunity she had to observe Plaintiff's attempts to ambulate in an ordinary environment, the Court notes the same

2

reports substantiate a connection between Plaintiff's hepatitis and the symptoms he reported.  R. at 668-69.  It was also discovered that Plaintiff had abnormalities in the tendons in his right ankle, R. at 646, an "absence of the reflexes at the ankles," R. at 778, see also R. at 635, and a fracture in one of the bones in his ankle, R. at 646-47, all of which may contribute to his need to use a cane.  R. at 783-84.

The record contains evidence that undercuts Plaintiff's credibility.  He has not followed his doctors' advice to lose weight and stop smoking.  Tests indicate no nerve damage (although it is not clear whether Plaintiff's problems are nerve-related).  Plaintiff has a poor work history and does not seem particularly interested in working.  Plaintiff has also been convicted of at least one felony, which the law recognizes as a factor that may be considered in determining a witness's credibility.  The Court also holds there is substantial evidence in the record as a whole to support the ALJ's finding that Plaintiff's depression is controlled with medication.  However, the record as a whole does not support the ALJ's finding that Plaintiff can perform light work.

The ALJ has already determined Plaintiff cannot perform his past relevant work; combined with the Court's holding, the Commissioner's task is to determine whether Plaintiff can perform sedentary work that exists in the national economy.  On remand, the Commissioner shall, at a minimum, receive evidence on and consider the following matters:

1. The credibility of both Plaintiff and Ms. Hartter,
2. The side effects and consequential restrictions attributed to Plaintiff's use of a tracheostomy tube, including particularly Plaintiff's problems with infections, mucous blockage, and tissue granulation,
3. The extent of Plaintiff's ankle injuries,
4. The limitations imposed by the side effects of hepatitis C, and
5. Plaintiff's residual functional capacity.

IT IS SO ORDERED.

DATE: June 15, 2005

/s/ Ortrie D. Smith
ORTRIE D. SMITH, JUDGE
UNITED STATES DISTRICT COURT